**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
PHILIP N. YANNELLA
THOMAS P. CIALINO
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

*Attorneys for Defendant, Belles Camp
Communications, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>                 Plaintiffs, <br><br>     v. <br><br> BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>                 Defendants. | Civil Action No. 1:24-cv-04949-HB <br><br> ***Electronically Filed*** <br><br><br><br> **DEFENDANT, BELLES CAMP COMMUNICATIONS, INC.'S, SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT** |

133971064

Defendant, Belles Camp Communications, Inc. ("Belles"), by and through its undersigned counsel, hereby files the following supplemental brief in support of its Motions to Dismiss Plaintiffs' Complaint.

## I. <u>INTRODUCTION</u>

As set forth in the correspondence that Belles filed with this Court earlier today, Belles has joined in: 1) the Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6) that was filed in the action captioned as *Atlas Data Privacy Corporation, et al. v. DM Group, Inc., et al.*, Case No. 1:24-cv-04075-HB (D.N.J) and 2) the Consolidated Motion to Dismiss Pursuant to FRCP 12(b)(2) that was filed in the action captioned as *Atlas Data Privacy Corporation, et al. v. GoHunt LLC, et al.*, Case No. 1:24-cv-04380-HB (D.N.J) (collectively, the "Consolidated Motions to Dismiss").[1]  Belles files this supplemental brief for the sole purpose of supplying this Court with additional information in order to demonstrate that Plaintiffs' Complaint should be dismissed with prejudice for lack of personal jurisdiction and because Plaintiffs have failed to state a claim upon which relief can be granted.

As an initial matter, the Complaint should be dismissed for lack of personal jurisdiction because Plaintiffs do not – and cannot – allege sufficient "continuous and systematic contacts" required to subject Belles, a Colorado corporation, to

---

[1]     Unless otherwise indicated, capitalized terms have the same meaning as those set forth in the Consolidated Motions to Dismiss.

general personal jurisdiction in New Jersey.  Belles is likewise not subject to specific

jurisdiction in New Jersey because Plaintiffs fail to allege in any way (generally or

with particularity) that Belles purposefully availed itself of New Jersey's jurisdiction

simply by maintaining a website that is generally available to business subscribers

nationwide.

Moreover, the Complaint should be dismissed for failure to state a claim

because Plaintiffs' Complaint consists of a series of conclusory and boilerplate

allegations that fail to establish necessary elements of a claim under Daniel's Law.

Thus, as set forth below and for the reasons set forth more fully in the Consolidated

Motions to Dismiss, Belles respectfully requests that this Court dismiss the

Complaint with prejudice.

## II.    SUPPLEMENTAL FACTUAL BACKGROUND

Belles is a Colorado corporation with a principal place of business located in

Colorado.  *See* Declaration of Paul Kulas ("Kulas Dec.") at ¶2.  Belles is wholly

owned by Paul Kulas, an individual who resides in Colorado. *Id*.  Belles has never

had any offices or physical locations in New Jersey, owned any property in New

Jersey, or owned or operated any servers in New Jersey.  *Id*. at ¶3.  Belles has no

bank accounts in New Jersey, and it has no agents, employees, directors, officers,

members or managers located or residing in New Jersey. *Id*. at ¶¶4-5.

2

The services that Belles provides are available as equally in New Jersey as they are in all other states. *Id.* at ¶27. Belles does not advertise in New Jersey, does not target its website or services specifically to New Jersey, and it does not tailor or target any advertising or marketing campaigns specifically to New Jersey. *Id.* at ¶¶7, 13. In addition, Belles has not conducted or solicited business in New Jersey and has not engaged in any persistent course of conduct therein. *Id.* at ¶¶9-12.

Belles operates a subscription-based look-up service for businesses called BellesLink. *Id.* at ¶24. Importantly, Belles does not own or control any of the underlying data that is searchable through BellesLink; all of this information is supplied by Enformion, a data broker. *Id.* at ¶25. BellesLink is intended only for use by businesses, and members of the general public cannot view the information contained within BellesLink. *Id.* at ¶26. BellesLink's business-to-business model is reinforced by the first paragraph of the BellesLink Terms of Service and End User License Agreement, which requires the user to "agree and acknowledge that you are subscribing to Belles Camp's services *for your company* and that you are fully authorized to do so on behalf of that company." *See* **Exhibit A** at p. 1 (emphasis added). BellesLink is generally available to businesses in the United States, and there are no advertisements directed specifically toward New Jersey citizens. *Id.* at ¶27.

153406520

The boilerplate allegations contained in the Complaint that Plaintiffs filed against Belles (the "Complaint") are substantively identical to the generic, "one size fits all" averments that are analyzed at length in the Consolidated Motions to Dismiss. *See* **Exhibit B**. In addition, the small grouping of allegations that are specific to Plaintiffs' dealings and alleged communications with Belles lend no support to their claims. For instance, while Plaintiffs supply a screenshot from BellesLink and allege that disclosure of the information contained therein constitutes a violation of Daniel's Law (*see* Ex. B at ¶39), all of the information contained in this screenshot is redacted and there is no way to confirm whether the information contained in this screenshot belongs to a Covered Person. In fact, Belles – which again is a business-to-business look-up service – has no record of any of the Plaintiffs creating accounts, which is the only way in which a user could even run a search for contact information. *See* Kulas Dec. at ¶28.

Moreover, although Plaintiffs supply a screenshot from an email that Sullivan purportedly sent to Belles on January 9, 2024 (*see* Ex. B at ¶52), Belles's records contain no indication that it received this email. *Id*. at ¶29. During the course of this litigation, Plaintiffs' counsel supplied Belles's counsel with a list of the individuals who purportedly submitted takedown requests to Belles (the "Covered Persons List"). *Id*. at ¶30. Critically, upon review of the Covered Persons List, Belles performed a thorough review of its records and confirmed that no BellesLink user

has ever performed a search for any of the Plaintiffs or any of the individuals listed on the Covered Persons List. *Id*. at ¶31.  In other words, there is no information to suggest that the names and protected information of any Covered Person were published by BellesLink on or before the takedown notices at issue were allegedly sent to Belles.  *Id*. at ¶32.

III.  **ARGUMENT**

    **A.**  **This Court Lacks Personal Jurisdiction over Belles.**

        i.  <u>Belles is Not Subject to General Jurisdiction in New Jersey</u>.

Plaintiffs cannot plausibly allege that Belles is subject to general jurisdiction in New Jersey insofar as Belles is a Colorado corporation with a principal place of business located in Colorado and Plaintiffs have not pled any information to suggest that Belles maintains any connection with New Jersey, let alone a "continuous and systematic" presence therein.  Indeed, Plaintiffs' conclusory allegations that "This Court has jurisdiction because the parties reside and/or conduct business in New Jersey" (Ex. B at ¶42) are woefully insufficient to show that Belles is subject to general jurisdiction.  The only purported "business" that Belles conducts in New Jersey is the alleged presence of the names and contact information of Covered Persons through BellesLink, which assertion is inaccurate insofar as no search has ever been conducted by a BellesLink user for any Covered Person. Kulas Dec. at ¶31. Even assuming that these allegations are true, they do not demonstrate the type

of substantial or continuous and systematic conduct that would render Belles "at home" in New Jersey.

Accordingly, there is no basis for this Court to exercise general personal jurisdiction over Belles.

      ii.    <u>Belles is Not Subject to Specific Jurisdiction in New Jersey.</u>

Moreover, Belles is not subject to an exercise of specific jurisdiction because it has not purposefully availed itself of or purposefully directed its activities into New Jersey. Belles does not advertise in New Jersey, does not target its website or services specifically to New Jersey, and it does not tailor or target any advertising or marketing campaigns specifically to New Jersey. Kulas Dec. at ¶¶7, 13. None of the Plaintiffs have created accounts with Belles, and no search has ever been conducted on BellesLink for any Covered Person. *Id.* at ¶¶28, 31.

The only connection this case has to New Jersey is the unilateral acts of Plaintiffs in purportedly submitting takedown requests to Belles. However, Plaintiffs cannot show that Belles directly targeted New Jersey in any way given that BellesLink is generally available to business subscribers across the United States and Belles has not published any New Jersey-specific advertisements or otherwise made a direct appeal to New Jersey citizens. The mere fact the names and contact information of certain New Jersey residents is allegedly available by running

searches through BellesLink does not establish minimum contacts with New Jersey and does not constitute "deliberate targeting" of this forum.

Moreover, and as set forth more fully in the Consolidated Motions to Dismiss, the exercise of specific jurisdiction is unwarranted because no strong connection exists between this forum and the claims that Plaintiffs are asserting against Belles. The only connection between the claims and this forum is the Plaintiffs' alleged unilateral actions of sending takedown requests to Belles. Prior to Belles's purported receipt of these requests, it had no connection to Daniel's Law, Plaintiffs, or the State of New Jersey. Plaintiffs' alleged unilateral outreach to an out-of-state defendant cannot support the establishment of specific jurisdiction in New Jersey.

Finally, assuming purely for the sake of argument that Plaintiffs can show that their causes of action arise out of or relate to Belles purposefully availing itself to this forum, no personal jurisdiction exists because such an assertion would unreasonably burden Belles, an out-of-state entity with no significant business operations or a physical presence in New Jersey. Belles's only connection to New Jersey is the maintenance of a website that is available to business subscribers throughout the Unites States. Belles could not have reasonably anticipated that its operation of BellesLink would cause it to be haled into New Jersey to defend against Plaintiffs' attenuated claims. Accordingly, an assertion of jurisdiction over Belles would not comport with standards of fair play and substantial justice.

7

153406520

**B.      Plaintiffs' Daniel's Law Claim Fails Because the Complaint Fails to Plausibly Allege Several Essential Elements of a Claim.**

Even if personal jurisdiction is found to exist over Belles, the Court should nonetheless dismiss the Complaint with prejudice because it fails to state a claim upon which relief can be granted under Daniel's Law.  For the sake of efficiency, Belles will not restate the arguments from the Consolidated Motions to Dismiss that set forth the litany of reasons why Plaintiffs' generic allegations fail to assert a plausible claim against Belles under Daniel's Law.  Instead, Belles will focus on two critical deficiencies in the Complaint that mandate dismissal.

First, Plaintiffs cannot show that the 10-business day statutory period for compliance with Daniel's Law ever began to run because they have not plausibly alleged that valid takedown notices were ever sent to Belles in the first place.  Under Daniel's Law, the recipient of the written takedown notice must: (1) actually possess the "home address or unpublished home telephone number of any covered person;" and (2) then fail to "cease the disclosure of the information and remove the protected information from the Internet or where otherwise made available" within the 10-business-day statutory period following receipt of the written notice.  N.J.S.A. §56:8-166.1(a)(1).

The Complaint, however, does not plausibly allege that Belles ever possessed protected information of any of the Plaintiffs or any Covered Person.  The purported screenshot of BellesLink included in the Complaint is redacted and establishes

8

nothing.  Moreover, it is not plausible that the redacted information depicted in the Complaint is actually protected under Daniel's Law.  Belles is a business-to-business look-up service that is not available to the general public.  *See* Ex. A at p. 1.  Plaintiffs could not have accessed BellesLink without an account – which Plaintiffs do not claim to have created.[2] There is, thus, no plausible basis to infer that the screenshot contains protected information.

Second, even assuming that the Complaint did plausibly allege that Belles possessed protected information prior to Plaintiffs allegedly submitting takedown requests, the Complaint does not allege that Belles "disclosed" this information after the 10-business day statutory compliance period elapsed.  Again, such an allegation is not plausible because Plaintiffs do not allege that they maintained any accounts with Belles, which is the only way that Plaintiffs could conceivably verify whether BellesLink disclosed protected information.

Rather than pleading any facts that would plausibly support a claim that Belles possessed and improperly disclosed protected information after the statutory 10-day deadline, Plaintiffs ask that the Court assume these facts simply because Belles

---

[2]    Although not essential to its 12(b)(6) motion, which is based on Plaintiffs' failure to plead a plausible claim for which relief can be granted under Daniel's Law, Belles notes that it does not maintain its own database (Kulas Dec. at ¶25) and that none of the Plaintiffs created accounts with Belles that would enable them to conduct any searches to verify whether protected information is actually available via BellesLink. (*Id*. at ¶28).  Moreover, no BellesLink user has ever conducted a search of BellesLink for the protected information of any Covered Person.  (*Id*. at ¶31).

operates a look-up service.  This faulty inference, however, is not a substitute for factual pleading.  Accordingly, Belles respectfully submits that this Court should dismiss the Complaint for failure to state a claim under Daniel's Law.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the Consolidated Motions to Dismiss, Belles respectfully request that this Court enter an Order dismissing the Complaint with prejudice.

Respectfully submitted,

Dated: March 18, 2025

*s/ Stephen M. Orlofsky*
**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel: (609) 750-2646
Stephen.Orlofsky@blankrome.com
Philip.Yanella@blankrome.com
Thomas.Cialino@blankrome.com

*Attorneys for Defendant, Belles Camp Communications, Inc.*

10

153406520

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen M. Orlofsky, hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via this Court's electronic filing system.

**BLANK ROME LLP**

Dated:  March 18, 2025

*s/ Stephen M. Orlofsky*
Stephen M. Orlofsky