**BLANK ROME LLP**

*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
PHILIP N. YANNELLA
THOMAS P. CIALINO
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

*Attorneys for Defendant Belles Camp Communications, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* <br><br> Defendants. | Civil Action No. 1:24-cv-04949-HB <br><br> *Electronically Filed* <br><br> **DECLARATION OF PAUL KULAS IN SUPPORT OF DEFENDANT, BELLES CAMP COMMUNICATIONS, INC.'S, SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

I, Paul Kulas, hereby declare the truth of the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am authorized to make this Declaration on behalf of Defendant, Belles Camp Communications, Inc. ("Belles"). I submit this declaration in support of Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

2. I am a Colorado resident and am the owner of Belles, which is a Colorado corporation with a principal place of business in Colorado.

3. Belles has never had any offices or physical locations in New Jersey, has never owned any property in New Jersey, and has never owned or operated any servers in New Jersey.

4. Belles has no bank accounts in New Jersey and all bank accounts maintained by Belles are or were located in states other than New Jersey.

5. Belles has no agents, employees, directors, officers, members, or managers located or residing in New Jersey. No agent, employee, director, officer, member, or manager of Belles has traveled to New Jersey on behalf of Belles with respect to any of the matters alleged in Plaintiffs' Complaint.

6. Belles does not own, lease, possess, or use real estate or personal property in New Jersey.

7. Belles does not advertise in New Jersey.

8. Belles has not entered into contracts in New Jersey.

9.   Belles has not engaged in or transacted any business in New Jersey.

10.  Belles has not made or entered contracts to supply goods or services in the State of New Jersey.

11.  Belles has not conducted or solicited business in New Jersey.

12.  Belles has not engaged in any persistent course of conduct in New Jersey.

13.  Belles does not target its website or services specifically to New Jersey, and it does not tailor or target any advertising or marketing campaigns specifically to New Jersey.

14.  No person on behalf of Belles has met with any of the Plaintiffs in this case.

15.  No person on behalf of Belles has communicated in writing or orally with Plaintiffs in this case.

16.  No person on behalf of Belles has been present in New Jersey in connection with any of the events or occurrences mentioned in the Complaint.

17.  No person on behalf of Belles has attended meetings in New Jersey related to any of the events or occurrences mentioned in the Complaint.

18.  No person on behalf of Belles negotiated or executed any contract or agreement in New Jersey that included Plaintiffs.

19.  Belles does not have a telephone listing or an address in New Jersey.

20. Belles does not have a registered agent for service of process in New Jersey.

21. Belles does not hold any licenses in New Jersey.

22. Belles does not pay taxes to any political subdivision in New Jersey, nor does it file tax returns in New Jersey.

23. Belles has no books, records, or files in New Jersey.

24. Belles operates a subscription-based look-up services for businesses called BellesLink.

25. Belles does not own or control any of the underlying data that appears on BellesLink; all of this information is supplied by Enformion, a data broker.

26. BellesLink is intended only for use by businesses, and members of the general public cannot execute searches through BellesLink. Belles reviews account applications to ensure that only qualified businesses are permitted access to the BellesLink search tool.

27. BellesLink is generally available to businesses in the United States, and there are no advertisements directed specifically toward New Jersey citizens.

28. Belles's records indicate that none of the Plaintiffs created an account to become a BellesLink subscriber. Therefore, none of the Plaintiffs could have executed any searches on the BellesLink platform.

29. Belles's records indicate that it did not receive the email that William Sullivan purportedly sent to customerservice@belleslink.com on January 9, 2024.

30. During the course of this litigation, Plaintiffs' counsel supplied Belles's counsel with a list of the individuals who purportedly submitted takedown requests to Belles (the "Covered Persons List").

31. Upon review of the Covered Persons List, Belles performed a thorough review of its records, and confirmed that no BellesLink user has ever performed a search for any of the Plaintiffs or any of the individuals listed on the Covered Persons List.

32. There is no information to suggest that the names and protected information of any Covered Person were posted, re-posted or otherwise made available through the BellesLink platform before the takedown notices at issue were allegedly sent to Belles – or at any time since.

I, Paul Kulas, under penalty of perjury, certify the foregoing statements are true and correct to the best of my knowledge.

Executed on this 14 day of March 2025.

_____
Paul Kulas