**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
PHILIP N. YANNELLA
THOMAS P. CIALINO
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

*Attorneys for Defendant, Belles Camp Communications, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | Civil Action No. 1:24-cv-04949-HB <br><br> ***Electronically Filed*** <br><br><br> **DEFENDANT, BELLES CAMP COMMUNICATIONS, INC.'S, SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

133971064

Defendant, Belles Camp Communications, Inc. ("Belles"), by and through its undersigned counsel, hereby files the following supplemental brief in support of its Reply in Support of its Motion to Dismiss Plaintiffs' Complaint.

## I.     INTRODUCTION

As set forth in the correspondence that Belles filed with this Court, Belles has joined in the Reply Brief in Further Support of Defendants' Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6) that was filed in the action captioned as *Atlas Data Privacy Corporation, et al. v. DM Group, Inc., et al.*, Case No. 1:24-cv-04075-HB (D.N.J) (the "Consolidated Reply").[1]  Belles files this supplemental brief for the sole purpose of supplying this Court with additional information to support dismissal of Plaintiffs' Complaint against Belles.

As set forth below, Plaintiffs' opposition papers (the "Opposition") either ignore or fail to adequately address the arguments that Belles raised in its supplemental brief in support of its Motions to Dismiss Plaintiffs' Complaint (the "Supplemental MTD").  As a result and for the reasons set forth more fully in the Consolidated Reply, Plaintiffs claim against Belles should be dismissed with prejudice.

---

[1]     Unless otherwise indicated, capitalized terms have the same meaning as those set forth in the Consolidated Reply.

## II. ARGUMENT

For the sake of efficiency, Belles will not restate the arguments from the Consolidated Reply that set forth the litany of reasons why Plaintiffs' generic allegations fail to assert a plausible claim against Belles under Daniel's Law. Instead, Belles will focus on responding to the two paragraphs in the Opposition that address the Supplemental MTD.

> **A. Plaintiffs Cannot Assert a Plausible Claim Under Daniel's Law Claim Because They Were Not Belles Account-Holders and Therefore Do Not Know if Belles Ever Disclosed Any Protected Information.**

As Belles explained in its Supplemental MTD, the BellesLink platform is an account-based business-to-business people search platform. BellesLink is not a data broker, and the platform is not publicly available. In order to run people searches on the platform, a user must have an account with Belles.

Plaintiffs do not allege that they ever maintained accounts with BellesLink. On its face then, the Complaint provides no factual basis to support Plaintiff's contention that "visitors, users or customers [of Belles] can not only obtain the protected information of the Individual Plaintiffs and Covered Persons but also the protected information of their family members." Dkt. 49, Ex. B at ¶ 40.] Without being account-holders, Plaintiffs have no factual basis to assert that Belles disclosed protected information or that it failed to cease the alleged disclosure of such information after receipt of an alleged takedown notice. Such takedown notice, in

fact, would not trigger any legal obligation on the part of Belles unless the company in fact disclosed or re-disclosed protected information – which the Complaint again does not plausibly establish.

### B. Plaintiffs Cannot Meet Their Burden to Plead a Plausible Claim by Relying Upon a Screenshot That They Unilaterally Redacted.

Plaintiffs' sole support for their claim that Belles disclosed or re-disclosed protected information in violation of Daniel's Law is a heavily redacted screenshot of the BellesLink platform. But the redacted BellesLink screenshot that Plaintiffs references has no probative value.

*First*, Belles publishes exemplars of its platform on its website.[2]  Thus, the screenshot itself is not evidence that any Plaintiff had an account with Belles. Plaintiffs, in fact, do not even allege that they held accounts with Belles.

*Second*, all of the personal information in the screenshot is redacted. There is nothing that objectively connects the screenshot to any Plaintiff or Covered Person

---

[2]  These publicly available exemplars include screenshots with a visible "SignOut" function.  *See e.g.* https://www.belleslink.com/members/save-a-people-search-as-a-contact/.  This Court can take judicial notice of these screenshots because they are available on the Internet and because Plaintiffs have themselves placed screenshots of the Belles platform into the record.  *See e.g. Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002) (declaring that a trial court has the discretion to address evidence outside the complaint when ruling on a motion to dismiss, including "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached" to the complaint); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (courts may look at public records in resolving a 12(b)(6) motion).

beyond Plaintiffs' conclusory allegation that the redacted screenshot is "an example of Belles' possession of protected information." Opposition at p. 25.

Plaintiffs cannot possibly assert a plausible claim under Daniel's Law when one of the necessary elements of their claim (i.e. Belles's alleged disclosure of the protected information of a Covered Person 10 days after receipt of a takedown notice) is based entirely upon conclusory allegations and a redacted screenshot.

In addition, Plaintiffs cannot unilaterally redact portions of the Complaint, much less the most *critical information underlying their claims*. Instead, Plaintiffs were required to file a contemporaneous motion to seal pursuant to New Jersey Rule of Court 1:38-11 when filing the Complaint with the Superior Court of New Jersey, Monmouth County, Law Division (the "Superior Court") or file a motion to seal with this Court after the action was removed.

When Plaintiffs filed the Complaint with the Superior Court, they alleged in conclusory fashion that they redacted the screenshot "[c]onsistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7." Dkt. 49, Ex. B at p. 8. However, Rule 1:38-7 merely prohibits parties from publicly disclosing "confidential public identifiers," which is defined in subsection (a) to mean "a Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number, or information as to an individual's military status." Importantly, an

individual's name, telephone number, and address are omitted from the list of "confidential public identifiers" set forth in Rule 1:38-7(a).

In short, nothing in Rule 1:38-7 authorized Plaintiffs to broadly redact all of the information contained in this screenshot – particularly the name of the person at issue, which if provided could in theory establish that protected information of a Plaintiff or Covered Person had been disclosed. But Plaintiffs did not do this. Instead, they over-redacted critical facts and now ask that the Court simply assume that Belles had disclosed protected information based on a fully redacted screenshot.[3]

### C.  Belles Is Not Raising "Merits Arguments"

Plaintiffs' last line of argument is to broadly label Belles' arguments in favor of dismissal as "merits arguments for another day" and to ask that this Court relieve them of their obligation to plead a plausible claim. Opposition at p. 25. Plaintiffs, however, cannot ask this Court to hold them to a lesser pleading standard and they must comply with the same pleading requirements contained in Federal Rules of Civil Procedure 8 and 11 to which all litigants are bound.

---

[3] In their Opposition, Plaintiffs make a vague reference to the supposed ability of bad actors to gain access to the Belles' platform. It is not clear what this claim is meant to prove. Regardless, the hypothetical machinations of bad actors does not alleviate Plaintiffs' obligation to plead a plausible claim for relief, which Plaintiffs fail to do.

Plaintiffs cannot establish a claim under Daniel's Law because they have not plead facts to plausibly establish that Plaintiffs' alleged take-down requests were valid in the first place. Plaintiffs could not have known whether Belles disclosed or re-disclosed protected information – whether prior to serving a take-down request or 10 days after receiving such a request – because they do not allege they were account holders, which is the only plausible way Plaintiffs could know whether Belles did in fact disclose or re-disclose such information. Rather than pleading facts that give rise to a plausible claim under Daniel's Law, Plaintiffs improperly ask the Court to simply assume these facts are plausible because Belles operates a people search platform.

## III.    CONCLUSION

For the foregoing reasons and those set forth in the Consolidated Reply, Belles respectfully request that this Court enter an Order dismissing Plaintiffs' Complaint with prejudice.

Respectfully submitted,

Dated: June 3, 2025

*s/ Stephen M. Orlofsky*
**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel: (609) 750-2646
Stephen.Orlofsky@blankrome.com
Philip.Yanella@blankrome.com
Thomas.Cialino@blankrome.com

*Attorneys for Defendant, Belles Camp Communications, Inc.*

154241631

## CERTIFICATE OF SERVICE

I, Stephen M. Orlofsky, hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via this Court's electronic filing system.

**BLANK ROME LLP**

Dated:  June 3, 2025

*s/ Stephen M. Orlofsky*
Stephen M. Orlofsky