**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
PHILIP N. YANNELLA
THOMAS P. CIALINO
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

*Attorneys for Defendant, Belles Camp*
*Communications, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | Civil Action No. 1:24-cv-04949-HB |
| | ***Electronically Filed*** |
| Plaintiffs, | |
| v. | |
| BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | **DEFENDANT, BELLES CAMP COMMUNICATIONS, INC.'S, OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PERSONAL JURISDICTION DISCOVERY** |
| Defendants. | |

133971064

Defendant, Belles Camp Communications, Inc. ("Belles"), by and through its undersigned counsel, hereby files the following opposition to Plaintiff's Motion to Compel Personal Jurisdiction Discovery (the "Motion").

## I.    INTRODUCTION

Plaintiffs' Motion is a transparent effort to obtain merits-based discovery under the guise of jurisdictional discovery. Using the pretext of the "effects test" – which is a limited test, with a high burden of proof – Plaintiffs propound numerous Interrogatories and Document Requests that seek information about what steps Belles took after receiving alleged takedown requests from Plaintiffs. These requests go to the heart of Plaintiffs' claims against Belles and are not permissible at this stage, when the sole issue before the Court is personal jurisdiction and where the Court clearly and unambiguously instructed Plaintiffs to limit their discovery requests. Accordingly, Belles respectfully requests that this Court deny the Motion in its entirety.

## II.    FACTUAL BACKGROUND

On March 18, 2025, Belles filed a letter with this Court indicating that it was joining in the Consolidated Motion to Dismiss Pursuant to FRCP 12(b)(2) that was filed in the action captioned as *Atlas Data Privacy Corporation, et al. v. GoHunt LLC, et al.*, Case No. 1:24-cv-04380-HB (D.N.J) (collectively, the "Consolidated Motion to Dismiss"). Dkt. 48. In connection with this letter, Belles filed a

supplemental brief in support of the Consolidated Motion to Dismiss (the "Supplemental Brief") where it set forth additional facts and arguments in support of its request for this Court to dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Dkt. 49.

In addition, Belles submitted a declaration – signed by its owner, Paul Kulas – which set forth an extensive list of facts demonstrating that Belles has virtually no contacts with the State of New Jersey (the "Kulas Declaration"). Dkt. 50. For example, Belles confirmed that it is a company organized in Colorado that: has no employees or agents in New Jersey; does not own or lease any property in New Jersey; does not advertise, market, or solicit business in New Jersey; and does not target its website or services to New Jersey. *Id.* In addition, Belles confirmed that it: is not registered to do business in New Jersey; has no offices in New Jersey; does not pay taxes to any political subdivisions in New Jersey or file tax returns in New Jersey; does not hold any licenses in New Jersey; and has never entered into contracts or transacted any business in New Jersey. *Id.*

After holding a status conference on April 2, 2025, the Court granted Plaintiffs' leave to seek limited jurisdictional discovery (the "Discovery Order"). Dkt. 56. In the Discovery Order, this Court stated that Plaintiffs were "precluded from additional discovery without further order of the court." *Id.*

Plaintiffs subsequently served their First Set of Interrogatories (the "Interrogatories") and First Set of Requests for Production of Documents (the "Document Requests"), and Belles served responses to Plaintiffs' demands (the "Discovery Responses") along with its document production on May 14, 2025.[1] In the Discovery Responses, Belles supplied documents and information that were responsive to Plaintiffs' discovery demands and that fell within the scope of the Discovery Order. In addition, Belles objected to a number of Plaintiffs' demands on the grounds that they sought documentation and information that exceeded the narrow scope of discovery authorized by the Discovery Order.

In its responses to the Interrogatories, Belles provided Plaintiffs with: information regarding the subscription-based look-up services for business named BellesLink that it operates; the name of the company that supplies the data that is searchable through BellesLink; the total number of BellesLink subscribers who have New Jersey mailing or billing addresses; confirmation that it does not market, advertise, or solicit its products and services in New Jersey; confirmation that it has never contracted with an entity or individual that has a principal place of business in New Jersey; and confirmation that it has not commenced any legal actions or

---

[1] Belles submitted copies of the Discovery Responses and its document production to Your Honor's chambers via email and first-class mail on May 14, 2025. For that reason, Belles has not enclosed copies of the Discovery Responses or its document production to this opposition. Belles would be happy to provide Your Honor with a courtesy copy of these documents upon request.

3

obtained authorization to do business in New Jersey within the past five years. In its responses to the Document Requests, Belles provided Plaintiffs with copies of documents that were responsive to Plaintiffs' demands and that fell within the narrow scope of jurisdictional discovery that was authorized in the Discovery Order.

Plaintiffs sent a discovery deficiency letter to Belles on June 4, 2025 (the "Letter") where they identified certain perceived deficiencies in the Discovery Responses. Dkt. 73-3. On June 17, 2025, Belles's counsel sent an email to Plaintiffs' counsel asking whether Plaintiffs' counsel was available for a meet and confer discussion to determine whether the parties could narrow the disputed issues set forth in the Letter before Plaintiffs filed a motion to compel discovery responses. However, Plaintiffs' counsel ignored this email and filed the Motion on June 30, 2025. Dkt. 73.

In the Motion, Plaintiffs seek to compel Belles to provide additional responses to several demands that were not referenced in the Letter. For example, Plaintiffs ask this Court to compel Belles to provide responses to Interrogatories 2 and 5 and Document Requests 18, 20, 22, and 23 even though Plaintiffs did not allege that these responses were deficient in the Letter. *Compare* Dkt. 73 with Dkt. 73-3 at p. 4. This shotgun approach violates Local Civil Rule 37.1, which requires the moving party to make "a good faith effort" to resolve the underlying discovery dispute before filing a discovery motion.

4

154597538

Moreover, and as set forth more fully below, the documents and information that Plaintiffs seek to compel Belles to produce fall well outside the narrow scope of jurisdictional discovery that this Court authorized. As a result, Belles respectfully requests that this Court deny the Motion.

## III.    **ARGUMENT**

### A.    **Plaintiffs Cannot Plausibly Allege That Belles is Subject to Personal Jurisdiction in this Forum Pursuant to the Effects Test.**

Plaintiffs' rationale for discovery of the actions that Belles took after receiving alleged takedown requests is that such discovery is appropriate at this stage of the litigation because of the "effects test", set forth in *Calder v. Jones*, 465 U.S. 783 (1984). Plaintiffs badly misread *Calder* and improperly apply it to the facts of this case.

As the Third Circuit has explained, the effects test provides that a district court may exercise specific personal jurisdiction over a defendant if the forum is the focus of the defendant's tortious conduct. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 187 (3d Cir. 2024). This test "requires a plaintiff to plead facts establishing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum." *Id*. However, as the Third Circuit has noted, the effects test should be applied narrowly. *Marks v. Alfa Group*, 369 Fed.Appx. 368, 370 (3d Cir. 2010). Even if a defendant's conduct could cause a foreseeable harm in a given state, such

5

conduct does not by itself satisfy the effects test unless the defendant "expressly aimed" its conduct at the forum state. *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). In fact, if a plaintiff cannot satisfy the "expressly aimed" element of the effects test, the analysis ends and Courts are not require to consider the remaining two elements. *Id*.

In attempting to establish the "expressly aimed" element, a plaintiff carries an "onerous burden." *Total Interactive Events, LLC v. Special Ops Production House*, 2025 WL 864409, at *6, n. 6 (D.N.J. Mar. 19, 2025). The plaintiff must demonstrate that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum. *Marten*, 499 F.3d at 297-98. *M.H. on behalf of C.H. v. Omegle.com LLC*, 2021 WL 1050234, at *5 (D.N.J. Mar. 19, 2021) (rejecting application of effects test against defendant operating generally accessible website).

For the effects test to apply, New Jersey must be the <u>focal point</u> of the alleged tortious activity. *Id*.; *see also Dalal v. Clearview AI, Inc.*, 2025 WL 1726259, at *8-9 (D.N.J. May 1, 2025) (holding that the plaintiff's allegations provided no indication that the defendant knowingly aimed its biometric collection activity to New Jersey and rejecting plaintiff's request for jurisdictional discovery), *report and recommendation adopted*, 2025 WL 1725010 (D.N.J. June 20, 2025).

6

Critically, "a defendant does not expressly target a forum merely by operating a website that is accessible there – even when the plaintiff alleges harm in that forum arising out of his engagement with that website." *Hasson*, 114 F.4th at 190. In *Hasson*, the plaintiff (a Pennsylvania resident) alleged that the defendant's use of a computer code script on its website to intercept his online communications made the defendant subject to jurisdiction in Pennsylvania under the effects test. *Id*. at 185-86. The Third Circuit rejected this argument and found that no jurisdiction existed because there was no evidence that the defendant expressly aimed this code at Pennsylvania. *Id*. at 190. The court held that the defendant's website was available nationwide, that there was no evidence that the defendant deployed this code only to users who access the site while in Pennsylvania, and that there was no information suggesting that the defendant tailored its website content in any meaningful way to Pennsylvanians. *Id*.

Similarly, in *Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001), the Third Circuit held that the plaintiff failed to satisfy the effects test and that the defendants were not subject to jurisdiction in Pennsylvania simply because they posted a picture of the plaintiff on a website that was accessible worldwide. The court held that there was no basis to conclude that the defendants expressly aimed their allegedly tortious activity at Pennsylvania with knowledge that harm was likely to be caused there and that any resulting harm to the plaintiff was merely incidental. *Id*.

7

154597538

An analysis of the facts of this matter demonstrates that Plaintiffs cannot establish the elements of the effects test.

### 1. *Daniel's Law Is Not an Intentional Tort*

Plaintiffs cannot rely upon the effects test to conduct merits-based discovery at this stage because they have failed to plausibly suggest that they can satisfy this test's requirements.[2] To begin, Daniel's Law is not an intentional tort. As this Court has previously held, "Daniel's Law does not mandate a specific intent standard of liability" and should be construed using a negligence standard. Dkt. 34 at p. 39.

### 2. *Plaintiffs Do Not Plausibly Allege Intentional Conduct.*

While Plaintiffs allege in conclusory fashion that they pled information showing that Belles intentionally disclosed, re-disclosed, or otherwise made available the protected information of a covered person, a cursory review of the Complaint plainly shows otherwise. In the Complaint, Plaintiffs merely alleged that Belles failed to "cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required by Daniel's Law." *See* Complaint at

---

[2]    Plaintiffs' reliance on the effects test is misguided given that a nearly identical argument that they raised in state court in pursuit of jurisdictional discovery was soundly rejected. *See Atlas Data Privacy Corp. v. LexisNexis Risk*, BER-L-000875-24 (Law Div. June 6, 2025) ("Plaintiffs have not presented factual allegations suggesting with reasonable particularity the possibility of contacts between Defendants and New Jersey as to warrant jurisdictional discovery"). The Bergen County Superior Court's rejection of the "effects test" was justified because Plaintiffs cannot satisfy any of the elements of this test.

154597538

¶61.  The Complaint does not include any allegation that Belles acted intentionally, which is defined under New Jersey law as "knowingly or purposefully engaging in conduct substantially certain to result in injury to another. *Blazovic v. Andrich*, 590 A.2d 222, 107 (1991) (internal citations omitted).

### 3.  *Belles' Operation of a Website Accessible in New Jersey is Insufficient to Support Further Jurisdictional Discovery Under the Effects Test*.

Moreover, Plaintiffs cannot show that Belles expressly targeted this forum simply by operating BellesLink – which is accessible to business subscribers in all 50 states. This is particularly true given that Belles does not advertise or market its services in New Jersey, does not target New Jersey residents, and does not tailor BellesLink to New Jersey in any fashion. *See* Kulas Declaration *generally*.

Similarly, the mere fact that Plaintiffs' contact information was allegedly displayed in BellesLink alongside the information of individuals residing in other states across the country does not mean that Belles *expressly aimed* its conduct at this forum. Moreover, even assuming purely for the sake of argument that Belles received Plaintiffs' takedown requests and that these requests supplied information showing that the covered persons resided in New Jersey, the mere fact that Belles possessed actual or constructive knowledge of the state where Plaintiffs reside is woefully insufficient to satisfy the "expressly aimed" element of the effects test.

154597538

**4. *This Court Has Recently Rejected Similar Efforts to Obtain Needless Jurisdictional Discovery in Cases Involving the Effects Test.***

Plaintiff's misguided arguments are akin to the ones this Court recently rejected in *Smith-Bishop v. Experian Information Solutions, Inc.*, 2025 WL 635329 (D.N.J. Feb. 27, 2025). In *Smith-Bishop*, the plaintiff argued that this Court should analyze his claim under the Fair Credit Reporting Act as an intentional tort for purposes of the effects test and contended that the defendant knew that he resided in New Jersey and that the tortious effects of its credit reporting would be felt there. *Id*. at *6. However, this Court held that the state of a plaintiff's residence, without more, does not create jurisdiction over nonresident defendants and that the plaintiff failed to present any allegations or information showing that the defendant directly targeted this forum. *Id*.

Moreover, in *Hanson v. G&G Motorcycles, Inc.*, 2022 WL 617068, at *4-5 (D.N.J. Mar. 2, 2022), this Court rejected the plaintiff's attempt to use the effects test to impose personal jurisdiction over the defendant in connection with his claim under the New Jersey Consumer Fraud Act ("NJCFA") and noted that NJCFA claims do not necessarily constitute an intentional tort claim. This Court held that although the plaintiff "undoubtedly felt the brunt of the harm" associated with his purchase of an allegedly defective product in New Jersey, there was no evidence that

the defendants directed their activities at New Jersey such that it was the focal point of the allegedly tortious activity. *Id*. at *5.

## B. Belles's Specific Responses to Plaintiffs' Improper Merits-Based Discovery Requests

Because Plaintiffs have not supplied any basis to show that Belles may be subject to personal jurisdiction pursuant to the effects test, the documents and information that they are seeking in connection with the majority of the Interrogatories and Document Requests at issue in the Motion amount to an impermissible fishing expedition. These disguised merits discovery include: Interrogatory Nos. 7-10; Document Request Nos. 1-3; Document Request Nos. 5-17; and Document Request No. 21. Belles briefly responds to each demand below.

### **Interrogatory Nos. 7-10**

Plaintiffs have failed to demonstrate an entitlement to additional information in response to Interrogatory No. 7 (seeking information regarding any audits, reviews, and/or evaluations that Belles performed in connection with BellesLink) because they cannot assert a viable effects test argument. Moreover, while Plaintiffs allege that any audits or reviews that Belles has completed is relevant to the purposeful availment test, Belles has provided comprehensive information in the Supplemental Brief and the Kulas Declaration confirming that it has no systematic contacts in New Jersey.

11

Similarly, the information that Belles seeks in Interrogatory Nos. 8 (seeking identification of the individuals who reviewed and analyzed any Daniel's Law requests), 9 (requesting a list of the actions that Belles took to respond to any Daniel's Law requests), and 10 (seeking information regarding any New Jersey residents whose information remained available in BellesLink following Belles's receipt of any purported takedown requests) exceed the scope of discovery authorized in the Discovery Order given that Plaintiffs have failed to state a plausible basis for jurisdiction under the effects test and that they seemingly concede that these demands do not call for Belles to provide any information that is relevant to the purposeful availment test.

**Document Request Nos. 1-3**

Belles's response to Document Request No. 1 (which requested a plethora of documents regarding Belles's business practices) was sufficient insofar as it provided responsive documents, confirmed that Belles does not market or advertise any of its products or services, and has never been a party to a contract or agreement with an entity or an individual that has a principal place of business located in New Jersey. The additional documents and information that Plaintiffs seek in response to this Document Request bear no relevance to Belles's contacts, or lack thereof, with New Jersey and exceed the narrow scope of jurisdictional discovery that this Court authorized.

12

Moreover, Belles provided information responsive to Document Request Nos. 2 and 3 (which request production of documents regarding the revenue, profits, and income that Belles earned in connection with BellesLink) when it stated that it earned $18,864.63 in revenue during the 2024 calendar year from the 35 customers who provided a mailing and/or billing address in New Jersey. Belles' production of this information is sufficient to demonstrate the amount of revenue that it earned in connection with New Jersey-based subscribers, and Plaintiffs cannot articulate a viable basis to require Belles to provide additional documents demonstrating the profits and revenues that it earned in connection with BellesLink.

**<u>Document Request Nos. 5-17 and 21</u>**

In these requests, Plaintiffs demand that Belles provide documentation regarding: its communications and any related entities' communications with any New Jersey residents who submitted Daniel's Law requests; its policies and procedures regarding communications with New Jersey residents; its relationship with any related entity; the complaints, claims, or lawsuits that it or any related entities received regarding BellesLink; any training, education, or guidance that it provides to agents and employees regarding compliance with certain laws; any audits, reviews, or evaluations that it performed regarding BellesLink; any opt-out, exclusion or suppression options that it provides to customers; any communications or correspondence regarding Daniel's Law; its receipt of nondisclosure requests

pursuant to Daniel's Law; its response to any Daniel's Law requests; and any changes to its processes regarding Daniel's Law nondisclosure requests; any actions that it took to preserve documents in connection with this litigation; and its modification of any product or service to address New Jersey laws and regulations.

Belles has no obligation to provide documents that are responsive to these wide-ranging and overly broad merits demands under the guise of jurisdictional discovery. As set forth more fully above, because Plaintiffs cannot state a plausible basis for imposing personal jurisdiction upon Belles under the effects test, they are not entitled to obtain documents responsive to these merits demands at this stage of the proceedings.

### C.    Plaintiffs are Not Entitled to Additional Documents or Information in Response to the Remaining Demands at Issue.

Belles's responses to the remaining demands at issue are as follows:

### Interrogatory No. 2

Notably, in the Deficiency Letter, Plaintiffs did not contend that Belles's response to Interrogatory No. 2 (which seeks information regarding the amount of New Jersey residents who have used BellesLink from December 1, 2023, through the present) was deficient. Dkt. 73-3 at p. 4. Nonetheless, Belles will review its records to confirm whether it would be appropriate to provide a supplemental response to this interrogatory. Namely, although Belles has notified Plaintiffs that there are 35 current BellesLink subscribers who indicated that their mailing address

or billing address was located in New Jersey, Belles will confirm whether there have been any additional subscribers with New Jersey addresses who terminated their subscriptions between December 1, 2023, and the date that Belles served the Discovery Responses.

**Interrogatory No. 3**

Belles's response to Interrogatory No. 3 (which seeks information regarding all individuals who have been involved in marketing or advertising BellesLink) was intended to convey that there are no officers, directors, employees, contractors, vendors or individuals who have been involved in marketing, advertising, soliciting, or offering products or services to New Jersey or New Jersey customers. To the extent that Plaintiffs seek information regarding Belles's marketing and advertising efforts that pertained to BellesLink and were directed to individuals or entities who reside outside of New Jersey, this information bears no relevance to this Court's personal jurisdiction, or lack thereof, over Belles and falls outside of the limited scope of discovery that this Court authorized in the Discovery Order.

**Interrogatory No. 4**

Belles's response to Interrogatory No. 4 (which seeks information regarding the advertising or marketing that Belles has conducted in New Jersey) confirmed that it has not engaged in any advertising or marketing activities in New Jersey. This

154597538

information is consistent with the information that was provided in the Kulas Declaration. Dkt. 50.

**Interrogatory No. 5**

As an initial matter, Plaintiffs did not contend that Belles's response to Interrogatory No. 5 (which requests information regarding entities that Belles has entered into contracts or agreements with regarding BellesLink) was deficient in the Deficiency Letter. Dkt. 73-3 at p. 5. In addition, Belles respectfully submits that its response to this interrogatory was proper insofar as the existence of contracts between Belles and entities who reside outside of the State of New Jersey bears no relevance to this Court's personal jurisdiction, or lack thereof, over Belles and falls outside of the limited scope of discovery that this Court authorized in the Discovery Order.

Notably, Plaintiffs' contentions that they are entitled to information regarding agreements between Belles and non-New Jersey entities is supported entirely by a case decided outside of this jurisdiction – *Cephalon Inc. v. Watson Pharms., Inc.*, 629 F.Supp. 2d 338, 348 (D. Del. 2009) – and their attenuated and unsupported theory that an agency or alter ego theory may support the existence of personal jurisdiction over Belles. Plaintiffs' pursuit of information is an example of the type of fishing expedition that parties may not pursue under the guise of jurisdictional discovery, particularly given that the burden of proof that one company is the alter

16

ego of another is a "notoriously difficult" one to meet. *Simplot India LLC v. Himalaya Food International Ltd.*, 2024 WL 1136791, at *6 (D.N.J. Mar. 15, 2024) (rejecting argument that personal jurisdiction existed pursuant to an alter ego theory).

### Document Request Nos. 18 and 20

In response to Interrogatory No, 2, Belles notified Plaintiffs that there are 35 current BellesLink subscribers who provided a mailing address or billing address was located in New Jersey. This disclosure was undoubtedly sufficient, and Plaintiffs' request in Document Request No. 18 for Belles to provide documents supplying the names and addresses of these individuals is improper and falls outside of the narrow scope of discovery that this Court authorized in the Order. Similarly, Document Request No. 20's demand for Belles to provide additional documents pertaining to the revenue that Belles earned from these 35 subscribers has no relevance to the parties' personal jurisdiction dispute.

### Document Request Nos. 22 and 23 (Seeking Copies of Contracts That Belles Has Entered Into)

As set forth in Belles's response to Plaintiffs' allegations regarding Interrogatory No. 5, copies of contracts between Belles and entities who reside outside of the State of New Jersey but conduct business within this forum bear no relevance to this Court's personal jurisdiction, or lack thereof, over Belles and falls

outside of the limited scope of discovery that this Court authorized in the Discovery

Order.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Belles respectfully requests that this Court enter an

Order denying the Motion.

Respectfully submitted,

Dated: July 14, 2025

<u>s/ Stephen M. Orlofsky</u>
**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel: (609) 750-2646
Stephen.Orlofsky@blankrome.com
Philip.Yanella@blankrome.com
Thomas.Cialino@blankrome.com

*Attorneys for Defendant, Belles Camp
Communications, Inc.*

18

154597538

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen M. Orlofsky, hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via this Court's electronic filing system.

**BLANK ROME LLP**

Dated: July 14, 2025

*s/ Stephen M. Orlofsky*
Stephen M. Orlofsky